DRAGON YU BAG MFG. CO. LTD., Plaintiff,

v.

**BRAND SCIENCE, LLC, Defendant.**

**No. 10 Civ. 7895 (VM).**

United States District Court, S.D. New York.

March 17, 2011.

Donald S. Zakarin, Benjamin Kincaid Semel, Bryan Thomas Mohler, Lisa M. Buckley, Pryor Cashman LLP, Leaor David Schwartz, Michael Howard Levison, Morris Alexander Bowie, II, Day Pitney, L.L.P., New York, NY, for Plaintiff.

Barry Ivan Slotnick, Philip Laurence Hirschhorn, Cameron Everett Grant, Buchanan Ingersoll & Rooney P.C., New York, NY, for Defendant.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Dragon Yu Bag Mfg. Co. Ltd. ("Dragon") brought this action against defendant Brand Science, LLC ("BSL") asserting claims for account stated, breach of contract and unjust enrichment. On October 19, 2010, BSL answered and asserted ten counterclaims. Subsequently, on November 22, 2010, BSL filed its First Amended Answer and Counterclaims ("FAAC") asserting an additional five counterclaims against Dragon for: trademark infringement under the Lanham Act, 15 U.S.C. § 1114 ("Counterclaim 11"); unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and New York common law ("Counterclaims 12 and 13"); and trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c), and New York General Business Law § 360–1 ("Counterclaims 14 and 15").

Dragon now moves to dismiss counterclaims eleven through fifteen pursuant to: (1) Rule 12(b)(7) of the Federal Rules of Civil Procedure ("Federal Rules") for failure to join necessary and indispensable parties under Rule 19 of the Federal Rules; (2) Rule 12(b)(1) of the Federal Rules for lack of subject matter jurisdiction; and (3) Rule 12(b)(6) of the Federal Rules for failure to state a claim upon which relief can be granted. Alternatively, Dragon seeks summary judgment pursuant to Rule 56 of the Federal Rules with respect to Counterclaim 11 and Counterclaims 14 and 15. Subsequent to Dragon's motion, BSL agreed to withdraw Counterclaims 14 and 15.

On March 2, 2011, the Court held a telephone conference with the parties to discuss whether BSL had received the required consent from LeSportsac Inc. ("LSI"), the owner of the trademarks at issue, to bring Counterclaim 11. Following that conference, the Court directed Dragon to withdraw its motion to dismiss counterclaims eleven through fifteen, without prejudice, pending the submission by BSL of certain documents further addressing the issues raised by Dragon's motion. At the same time, the Court directed BSL to produce evidence of the consent it alleged having from LSI to prosecute Counterclaim 11, as required under a certain license agreement between LSI and BSL dated as of September 30, 2009 (the "License Agreement"). By letters dated March 9 and 10, 2011, BSL informed the Court that the consent to prosecute was contained in privileged communications that BSL was not authorized to disclose, and that BSL had transferred the rights in the trademarks back to LSI. The Court held another telephone conference on March 11, 2011 to discuss the implications of such transfer with respect to BSL's counterclaims. Based on BSL's inability to produce evidence of LSI's consent, the Court indicated that Dragon's motion to dismiss Counterclaim 11 would be granted without prejudice to BSL's reasserting it upon a proper showing of LSI's consent. The Court directed the parties to submit a stipulation for approval providing that: (1) Dragon agrees to withdraw its motion to dismiss with respect to Counterclaims 12 and 13; (2) BSL agrees to withdraw Counterclaims 14 and 15; and (3) Dragon's motion to dismiss is granted without prejudice with respect to Counterclaim 11.

By letter dated March 16, 2011, BSL indicated that the parties were unable to reach an agreement as to Counterclaims 12 and 13. That same day, Dragon submitted a letter requesting that, despite the Court's previous instruction, its motion should be granted as to Counterclaims 12 and 13 because of BSL's inability to provide evidence of LSI's consent to pursue those claims.

Upon review of the License Agreement and as further explained below, the Court agrees that Dragon's motion to dismiss should also be granted with respect to Counterclaims 12 and 13. The License Agreement contains provisions not previously called to the Court's attention, that, among other things, requires BSL to obtain consent from LSI prior to prosecuting claims involving "any infringement or imitation" of the trademarks at issue, "or any use by any person or entity in the Territory of any trademarks, service marks, or trade names *confusingly similar*" to those trademarks, (License Agreement § 10.5.1 (emphasis added).) Because Counterclaim 12 alleges that Dragon, without BSL's permission, adopted and used a trademark that is *"confusingly similar* to BSL's 'LESPORTSAC' mark" (FAAC ¶ 283), the Court finds that Counterclaim 12 is the type of claim that under the plain language of the License Agreement requires LSI's consent.

Counterclaim 13 alleges that "Dragon's use of the 'LESPORTSAC' mark constitutes unfair competition and a palming-off of BSL'S 'LESPORTSAC' mark." (*Id.* ¶ 290.) Black's Law Dictionary defines "palming off," otherwise referred to as "passing off," as:

[t]he act or an instance of falsely representing one's own product as that of another in an attempt to deceive potential buyers ... [It] is actionable in tort under the law of unfair competition. It may also be actionable as trademark infringement.

Black's Law Dictionary 1142, 1155 (8th ed. 2004). In other words, BSL alleges in

Counterclaim 13 that Dragon confused and attempted to deceive buyers by representing that its own imitation product was really that of BSL. Again, the Court finds that Counterclaim 13 is the type of claim that requires LSI's consent under the plain language of the License Agreement. Because BSL has been unable to provide evidence of LSI's consent authorizing BSL to prosecute Counterclaims 12 and 13, Dragon's motion to dismiss those claims is granted without prejudice.

## ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the motion (Docket Nos. 19, 20) of plaintiff Dragon Yu Bag Mfg. Co. Ltd. to dismiss counterclaims eleven, twelve, and thirteen ("Counterclaims") of defendant Brand Science, LLC ("BSL") is GRANTED without prejudice to BSL's reasserting the Counterclaims upon a proper showing of LeSportsac Inc.'s grant of consent to BSL to prosecute them; and it is further

**ORDERED** that BSL is directed to withdraw counterclaims fourteen and fifteen.

The Clerk of Court is directed to terminate pending motions.

**SO ORDERED.**